# EXHIBIT A

1   Ruben Guerra, Esq. (SBN 291446)
    Tizoc Perez-Casillas, Esq. (SBN 309981)
2   **GUERRA & CASILLAS LLP**
    617 South Olive Street, Suite 422
3   Los Angeles, California 90014
    Telephone: (213) 437-9495
4   Facsimile: (213) 342-5503

5   Attorneys for Plaintiff,
    LUIS ERICK ESCAMILLA MENJIVAR

**Electronically FILED by**
**Superior Court of California,**
**County of Los Angeles**
**7/17/2024 3:02 PM**
**David W. Slayton,**
**Executive Officer/Clerk of Court,**
**By A. Villchis-David, Deputy Clerk**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

### STANLEY MOSK COURTHOUSE

| | |
|---|---|
| LUIS ERICK ESCAMILLA MENJIVAR, an individual,<br><br>                      Plaintiff,<br><br>       v.<br><br>AIR CANADA, a business entity of unknown form; and DOES 1 through 20, inclusive,<br><br>                      Defendants. | Case No.  24STCV17824<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>2. **RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>3. **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF GOV'T CODE §12940(k);**<br><br>4. **RETALIATION IN VIOLATION OF GOV'T CODE §§12945.2 ET. SEQ.;**<br><br>5. **FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>6. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>7. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br><br>8. **VIOLATION OF THE CALIFORNIA EQUAL PAY ACT, AS AMENDED (LAB. CODE §1197.5. 1194.5).** |

-1-
COMPLAINT FOR DAMAGES

**DEMAND OVER $35,000**

**[DEMAND FOR JURY TRIAL]**

**COMES NOW PLAINTIFF, LUIS ERICK ESCAMILLA MENJIVAR** (hereinafter referred to as "Plaintiff"), and for causes of action against the Defendants and each of them, alleges as follows:

## JURISDICTION

1.      This Court is the proper court, and this action is properly filed in Los Angeles County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Los Angeles County, and because the work that is the subject of this action was performed by Plaintiff in Los Angeles County.

## THE PARTIES

2.      Plaintiff, LUIS ERICK ESCAMILLA MENJIVAR, is and at all times relevant hereto was a resident of the County of Los Angeles, State of California.

3.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant AIR CANADA, (hereinafter referred to as "Defendant") was and is a business entity of unknown form doing business at 600 World Way, in the City of Los Angeles, in the County of Los Angeles, State of California.

4.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant owns, operates, or otherwise manages a Canadian airline service, with terminals, facilities, and/or locations operating out of airports located throughout California including but not limited to, the terminal, facility, and/or location at Los Angeles International Airport (LAX) in Los Angeles, California, at which Plaintiff regularly worked for Defendants during the relevant period.

5.      At all times relevant herein, Defendant and DOES 1-20 (hereinafter collectively referred to as "Defendants") were Plaintiff's employers, joint employers and/or special employers within the

meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and are therefore subject to the jurisdiction of this Court.

6.    The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff as alleged hereinafter.

7.    Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

8.    Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i).  Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

9.    Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

10.    Plaintiff has filed complaints of discrimination, retaliation, failure to prevent discrimination or retaliation, failure to accommodate, failure to engage in the interactive process, and wrongful termination under Government Code §§12940, et seq., the California Fair Employment and Housing Act ("FEHA") with the California Civil Rights Department ("CRD"), and has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

## ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

11.    Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Defendant and DOES 1-20 that the individuality and separateness of defendants have ceased to exist.

12.    Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, Defendant and DOES 1-20 are, in reality, one and the same, including, but not limited to because:

a.    Defendants are completely dominated and controlled by one another and DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

b.    Defendant and DOES 1-20 derive actual and significant monetary benefits by and through one another's unlawful conduct, and by using one another as the funding source for their own personal expenditures.

c.    Defendant and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d.    Defendants do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e.    The business affairs of Defendant and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion.  Defendants are, and at all times relevant hereto were, used by one another and

DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of one another and DOES 1-20. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations. The corporate existence of Defendant and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

13. Accordingly, Defendants constitute the alter ego of one another and DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

14. As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendant and DOES 1-20 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Defendant and DOES 1-20. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

15. Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between DOES 1-20, Defendant, or any of them, (1) there is an express or implied agreement of assumption pursuant to which Defendant and/or DOES 1-20 agreed to be liable for the debts of the other Defendants, (2) the transaction between Defendant and/or DOES 1-20 and the other Defendants amounts to a consolidation or merger of the two corporations, (3) Defendant and/or DOES 1-20 are a mere continuation of the other Defendants, or (4) the transfer of assets to Defendant and/or DOES 1-20 is for the fraudulent purpose of escaping liability for Defendants' debts. Accordingly, Defendant and/or DOES 1-20 are the successors of one or more of the other Defendants, and are liable on that basis.

## FACTUAL ALLEGATIONS

16. On or about June 4, 2018, Defendants hired Plaintiff to work as a customer service agent. Plaintiff's job duties included, but were not limited to, assisting Defendants' passengers with the boarding process, checking in bags, checking in passengers, assisting passengers with documents, weighing bags, and providing tag information to passengers. Plaintiff was a full-time, non-exempt employee, and

performed all of Plaintiff's job duties satisfactorily before Plaintiff was wrongfully terminated on or about August 4, 2022.

17.    At all times relevant hereto, Plaintiff was a man of Hispanic origin and spoke both English and his native Spanish language.

18.    In or around July 2021, Plaintiff learned that non-Hispanic employees, including non-Hispanic employees who Plaintiff had seniority over, received pay raises. Upon learning about the pay raises, Plaintiff requested the same treatment from his manager, Lynne Burrow (hereinafter "Ms. Burrow"). Ms. Burrow told Plaintiff that she will look into this matter but instead of giving Plaintiff the same pay raise as Defendants' non-Hispanic employees, Ms. Burrow disregarded and ignored Plaintiff's requests. Plaintiff was given the cold shoulder. A few weeks later, once again, Plaintiff asked Ms. Burrow if he would be receiving the same pay raise as Defendants' other employees who were non-Hispanic and less qualified. Ms. Burrow told Plaintiff that she would speak to Defendants' Human Resources (hereinafter "HR") but once again, Plaintiff's requests to be treated the same as the non-Hispanic employees fell on deaf ears.

19.    In or around August 2021, Plaintiff learned that Defendants were in the process of hiring new employees and providing  them with lead positions. Upon learning that Plaintiff was being passed over for a promotion for a lead position which was being assigned to other less qualified, Plaintiff asked Ms. Burrow the reason why he was not being promoted. Ms. Burrow told Plaintiff that the reason he did not get the promotion was because he has an accent. She later added that Defendants' refusal and failure to consider Plaintiff for the position was his alleged inability to properly communicate in English. Plaintiff was shocked after hearing Ms. Burrow's statements since the two were having this conversation in English. In fact, Plaintiff was praised by his coworkers who were also wondering why Defendants were not promoting him to a lead position.

20.    On or about September 9, 2021, Plaintiff learned that his wife had a miscarriage. In or around September, Plaintiff notified Defendants' manager, Veonica Mathias (hereinafter "Ms. Mathias"), of his wife's miscarriage and requested and took a few days off to attend to his ailing wife who was experiencing severe depression. In retaliation for Plaintiff's request for time off, Defendants through Ms.

Burrow scolded Plaintiff for taking the time off. Ms. Burrow told Plaintiff that he should not have taken time off because "you are not the one who had the miscarriage."

21.    In  or  around  October  2021,  Plaintiff  requested  time  off  due  to  his  own  disability  or medical condition. Specifically, Plaintiff had contracted bronchitis. This condition made the major life activity  of  working  more  difficult  therefore  constituting  a  disability.  In  or  around  December  2021, Defendants  reprimanded  Plaintiff  for  poor  attendance  record  which  was  directly  associated  with Plaintiff's engagement in legally protected activities of requesting time off to either attend to his wife's serious medical condition or his own.

22.    On or about December 22, 2021, Plaintiff injured his left arm and left shoulder in the course and scope of his employment while pulling a heavy bag. Plaintiff reported his injury to Ms. Mathias and requested medical treatment due to the excruciating pain. This injury limited Plaintiff's ability to perform the major life activity of working and therefore constituted a disability. However, instead of providing Plaintiff medical assistance, Plaintiff was told to go to the break room and "rest." Due to the pain from his injury, Plaintiff took a few days off and reiterated his request for time off on December 27, 2021.

23.    On or about January 10, 2022, Plaintiff returned to work. Shortly thereafter, on or about January 11, 2021, Plaintiff was diagnosed with Covid and experienced severe symptoms including, but not limited to high-grade fever. This limited Plaintiff's ability to perform the major life activity of working and therefore constituted a disability. Plaintiff immediately notified Defendants' manager Ms. Burrow, Ms. Mathias and Angel Andrade (hereinafter, "Mr. Andrade"). Instead of providing Plaintiff sufficient time off to fully and properly recover from Covid, Ms. Burrow demanded that Plaintiff return to work six (6) days after he tested positive for Covid.  This demand from Defendants was made at a time when Plaintiff was still recovering from his Covid symptoms.

24.    On or about January 20, 2022, even though he was still injured, Plaintiff requested that his doctor release him back to full duty so he could continue working for the Defendants. Plaintiff was aware that employees who were placed on light duty, were involuntarily assigned to a waitlist. Employees on this list had to wait to be given their schedule. Placement on this list essentially meant no work for Plaintiff. This pattern of practice and policy had a disparate impact on Defendants' injured employees as

they would fundamentally be treated as ghosts by Defendant without any indication of when they would be able to return to work.

25. Throughout January 2022 and February 2022, Defendants continued their campaign of reprimanding and scolding Plaintiff for missing days from work due to his injury and illness. On or about February 7, 2022, Defendants threatened Plaintiff with a suspension due to poor attendance necessitated by Plaintiff's disability, required medical treatment and attendance to his wife who previously had miscarriage.

26. On or about April 19, 2022, Plaintiff injured his right shoulder in the course and scope of his employment while lifting heavy luggage. This limited Plaintiff's ability to perform the major life activity of working and therefore constituted a disability. Plaintiff provided Defendants a notice of his disability and requested accommodation in the form of medical treatment. Instead of accommodating Plaintiff and providing Plaintiff the opportunity for medical treatment, Defendants dismissed Plaintiff's requests and told him to find a way to seek his own medical treatment. This is all while Defendant knew that Plaintiff could not financially afford to seek his own medical treatment.

27. From April 2022 to August 2022, Plaintiff continued to miss work due to his right shoulder injury. During these absences, Plaintiff continued to keep Defendants informed that his absences were due to his right shoulder injury.

28. In or around June 2022, Plaintiff provided Defendants notice that his wife was pregnant with a due date on or about August 11, 2022, requesting paternity leave from Ms. Burrow. Defendants failed to accommodate Plaintiff by refusing and failing to properly document and process the paternity leave paperwork. Instead of allowing Plaintiff days off to attend to his injury and approving Plaintiff's request for paternity leave, on or about June 21, 2022, Defendants proceeded to suspend Plaintiff for ten (10) days for excessive absences.

29. Thereafter, to Plaintiff's shock and dismay, Defendants terminated Plaintiff's employment on or about August 4, 2022, under the pretextual reason of poor work attendance. The termination came approximately one week before Plaintiff's wife was due to give birth to his child.

COMPLAINT FOR DAMAGES

30.    Defendants discriminated and retaliated against Plaintiff by reprimanding him, suspending him, and ultimately terminating him for exercising his right to request time off for his injuries as an accommodation of Plaintiff's disability and/or medical condition and for requesting paternity leave.

31.    At all relevant times, Defendants failed to properly engage in a good faith interactive process in an effort to properly accommodate Plaintiff's disability and/or medical condition such that Plaintiff could continue working for Defendants.

32.    At all relevant times, Defendants failed to reasonably accommodate Plaintiff even though Plaintiff was able to perform the essential job duties of Plaintiff's position or another position with or without accommodations.

33.    Plaintiff's termination was substantially motivated by Plaintiff's race, national origin, ancestry, disability or perceived disability, medical condition or perceived medical condition, request for accommodation, and/or engagement in protected activities, without any discussion of disability accommodations or any good faith attempt to engage in the interactive process with Plaintiff. Defendants' discriminatory animus is evidenced by the previously mentioned facts.

34.    Defendants' conduct described herein was undertaken, authorized, and/or ratified by Defendants' officers, directors and/or managing agents, including, but not limited to Angel Andrade, Veonica Mathias, Lynne Burrow, and those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

35.    As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

36.    As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

37.     Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

38.     Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this Court.

**FIRST CAUSE OF ACTION**

**FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

**AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE**

39.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 34, inclusive, as though set forth in full herein.

40.     At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

41.     As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

42.     FEHA requires Defendants to refrain from discriminating against an employee on the basis of race, national original, ancestry, disability and/or medical condition, real or perceived, and to prevent discrimination on the basis of disability and/or medical condition, real or perceived, use of medical leave, and engagement in protected activities from occurring.

43.     Plaintiff was a member of multiple protected classes as a result of Plaintiff's, race, national origin, ancestry, disability, medical condition and/or the perception that Plaintiff was suffering from a disability and/or medical condition.

44.     At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff held with Defendants.

45.     Plaintiff was adversely and disparately impacted by Defendants' policy of placing injured employees who needed light duty work on a waitlist. This pattern of practice and policy had a disparate

impact on Defendants' injured employees as they would fundamentally be treated as ghosts by Defendant without any indication of when they would be able to return to work.

46.     Defendants' policy was not justified by business necessity and/or Defendants' business necessity purported to justify policy could have been met by alternative means which would have had less of a disparate impact upon Plaintiff and other members of the protected class.

47.     Defendants' policy was utilized as a pretext for adverse employment action described above. Additionally, Defendant's policy of placing injured workers on a waitlist was a substantial factor in causing Plaintiff's harm.

48.     Plaintiff suffered the adverse employment actions of unlawful discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, failure to hire/re-hire, and termination, and was harmed thereby.

49.     Plaintiff is informed and believes that Plaintiff's race, national origin, ancestry, disability and/or medical condition, real and perceived, and/or some combination of these protected characteristics under Government Code §12926(j) were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

50.     Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

51.     The damage allegations of Paragraphs 35 through 38, inclusive, are herein incorporated by reference.

52.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

53.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

COMPLAINT FOR DAMAGES

**SECOND CAUSE OF ACTION**

**FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

**AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE**

54.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 34, inclusive, as though set forth in full herein.

55.     At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

56.     These laws set forth in the preceding paragraph require Defendants to refrain from retaliating against an employee for engaging in protected activity.

57.     Plaintiff engaged in the protected activities of requesting accommodation, requesting medical leave and/or exercising Plaintiff's right to medical leave, and complaining about and protesting Defendants' discriminatory conduct towards Plaintiff based upon Plaintiff's race, national origin, ancestry, disability, medical condition, real or perceived, and use of medical leave.

58.     Plaintiff suffered the adverse employment actions of unlawful discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

59.     Plaintiff is informed and believes that Plaintiff's conduct of requesting accommodation, requesting medical leave and/or exercising Plaintiff's right to medical leave, complaining about and protesting about Defendants' discriminatory conduct, and/or some combination of these factors, were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

60.     Defendants violated the FEHA by retaliating against Plaintiff and terminating Plaintiff for attempting to exercise Plaintiff's protected rights, as set forth hereinabove.

61.     Plaintiff is informed and believes, and based thereon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendants and the other Managers.

62.     The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

63.     The damage allegations of Paragraphs 35 through 38, inclusive, are herein incorporated by reference.

64.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

65.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**THIRD CAUSE OF ACTION**

**FAILURE TO PREVENT DISCRIMINATION AND RETALIATION**

**IN VIOLATION OF GOV'T CODE §12940(k)**

**AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE**

66.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 34, inclusive, as though set forth in full herein.

67.     At all times hereto, the FEHA, including in particular Government Code §12940(k), was in full force and effect and was binding upon Defendants.  This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.  As alleged above, Defendants violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

68.     The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

69.     The damage allegations of Paragraphs 35 through 38, inclusive, are herein incorporated by reference.

70.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or

was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

71.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FOURTH CAUSE OF ACTION
## FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12945.2 ET SEQ.
## AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE

72.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through34, inclusive, as though set forth in full herein.

73.    At all times hereto, the California Family Rights Act, codified by Government Code §§12945.2, et al. ("CFRA") was in full force and effect and was binding upon Defendants and each of them.  Under the CFRA, it shall be an unlawful employment practice for any covered employer to refuse to grant a request by any qualified employee to take up to a total of 12 workweeks in any 12-month period for family care and medical leave for the employee's own serious medical condition. Under the CFRA, it is also an unlawful employment practice for a covered employer to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against, any individual because the individual has exercised or attempted to exercise his or her right to take protected family care and medical leave under the CFRA.  Under the CFRA, it is also an unlawful employment practice for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under the CFRA.

74.    At all times hereto, Plaintiff was an employee eligible for CFRA leave.  At all times hereto, Plaintiff had been employed by Defendants for more than 12 months, and had worked at least 1250 hours during the previous 12 months.  Further, Defendants employed at least 5 employees during any 20 weeks within the calendar year in which Plaintiff requested and/or used CFRA leave or the calendar year prior.

75.     Defendants violated the CFRA by failing and/or refusing to provide Plaintiff with the family care and medical leave that Plaintiff requested.

76.     Defendants violated the CFRA by retaliating against Plaintiff for exercising or attempting to exercise Plaintiff's right to protected medical leave under the CFRA.

77.     Defendants violated the CFRA by interfering with or restraining Plaintiff from exercising or attempting to exercise Plaintiff's right to protected medical leave under the CFRA, by failing to give Plaintiff notice of Plaintiff's rights under the CFRA, including the right to take protected leave.

78.     Plaintiff suffered the adverse employment actions of unlawful discrimination and termination.

79.      Plaintiff is informed and believes that exercising or attempting to exercise Plaintiff's right to medical leave was a motivating reason and/or factor in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

80.     The above said acts of Defendants constitute violations of the CFRA, and were a proximate cause in Plaintiff's damage as stated below.

81.     The damage allegations of Paragraphs 35 through 38, inclusive, are herein incorporated by reference.

82.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

83.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**FIFTH CAUSE OF ACTION**

**FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS**

**IN VIOLATION OF GOV'T CODE§§12940 ET SEQ.**

**AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE**

84.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 34, inclusive, as though set forth in full herein.

85.    At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon Defendants.  This subsection imposes an ongoing duty on Defendants to make reasonable accommodation for the known physical disability and/or medical condition of an employee.

86.    At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a disability, a physical condition that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

87.    At all times herein, Plaintiff was willing and able to perform the duties and functions of the position in which Plaintiff was employed, or could have performed the duties and functions of that position with reasonable accommodations.  At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disability or medical condition, actual or as it was perceived by Defendants, have been a danger to Plaintiff's or any other person's health or safety.  Accommodation of Plaintiff's disability or disability or medical condition, real or perceived by Defendants, would not have imposed an undue hardship on Defendants.  Defendants failed and refused to accommodate Plaintiff's disability, failed to engage in the interactive process with Plaintiff and continue to violate this obligation, up to and including the date of Plaintiff's termination or, if Defendant contends Plaintiff was never terminated, through the present and ongoing.

88.    The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

89.    The damage allegations of Paragraphs 35 through 38, inclusive, are herein incorporated by reference.

90.     The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

91.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SIXTH CAUSE OF ACTION
## FOR FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS
## IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.
## AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE

92.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 34, inclusive, as though set forth in full herein.

93.     At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon Defendants.  This subsection imposes an ongoing duty on Defendants to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability or known medical condition and/or becoming aware of the employee's need for accommodation.

94.     At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a physical disability that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

95.     Plaintiff reported the disability to Defendants and requested accommodation, triggering Defendants' obligation to engage in the interactive process with Plaintiff, but at all times herein, Defendants failed and refused to do so.  Thereafter, despite Defendants continuing obligation to engage

in the interactive process with Plaintiff, despite having notice of Plaintiff's disability, condition and Plaintiff's desire to continue working in some capacity, Defendants failed and refused to have any dialogue with Plaintiff whatsoever, on any of these occasions, and Defendants violated, and continued to violate this obligation up to and including the date of Plaintiff's termination or, if Defendant contends Plaintiff was never terminated, through the present and ongoing.

96.    The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

97.    The damage allegations of Paragraphs 35 through 38, inclusive, are herein incorporated by reference.

98.    The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

99.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SEVENTH CAUSE OF ACTION
## FOR WRONGFUL TERMINATION
## IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA
## AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE

100.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 34, inclusive, as though set forth in full herein.

101.    At all relevant times mentioned in this complaint, the FEHA was in full force and effect and was binding on Defendants.  This law requires Defendants to refrain, among other things, from discriminating against any employee on the basis of race, national origin, ancestry, disability, medical condition, real or perceived, and use of medical leave, and from retaliating against any employee who

engages in protected activity.  At all times mentioned in this complaint, Article I, Section 8 of the California Constitution was in full force and effect and binding on Defendants.  This law requires Defendants to refrain from disqualifying a person from pursuing employment on the basis of race, color, national origin, or sex.

102.    At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of race, disability, medical condition, real or perceived, use of medical leave and/or engagement in protected activity.

103.    Plaintiff believes and thereon alleges that Plaintiff's race, national origin, ancestry, disability and/or medical condition, real or perceived, use of medical leave, engagement in protected activity with respect to these protected classes, and/or some combination thereof, were factors in Defendants' conduct as alleged hereinabove.

104.    Such discrimination and retaliation, resulting in the wrongful termination of Plaintiff's employment on the basis of race, national origin, ancestry, disability, medical condition, real or perceived, or use of medical leave, Plaintiff's complaining of discrimination due to these protected classes, Plaintiff's engagement in protected activity, and/or some combination of these factors, were a proximate cause in Plaintiff's damages as stated below.

105.    The above said acts of Defendants constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above.  Defendants violated these laws by discriminating and retaliating against Plaintiff and terminating Plaintiff's employment in retaliation for exercise of protected rights.

106.    At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of use of CFRA leave, exercise of PDLL rights, or in violation of FEHA.

107.    Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's use of CFRA leave and/or Plaintiff's status as a protected member of the class under FEHA was a proximate cause in Plaintiff's damages as stated below.

108.    The damage allegations of Paragraphs 35 through 38, inclusive, are herein incorporated by reference.

109.    The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

## EIGHTH CAUSE OF ACTION
## VIOLATION OF THE CALIFORNIA EQUAL PAY ACT, AS AMENDED
## LABOR CODE §§1197.5, 1194.5
## AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE

110.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

111.    The California Equal Pay Act was amended to the California Fair Pay Act, California Labor Code §§ 1197.5 et seq., effective January 1, 2016.

112.    Defendants have discriminated against the Plaintiff in violation of the California Equal Pay Act, Cal. Lab. Code § 1197.5 (amended 2015). Defendants have paid Plaintiff less than similarly-situated employees in the same establishment performing equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions. Specifically, Defendants promoted other employees who were less qualified and had less experience based solely on their arbitrary ability to speak English. Additionally, Defendants provided higher pay and raises to other employees based on the purported lack of accent when communicating in English. Plaintiff is further informed and believes that Defendant failed and refused to provide him with equal pay based on his sex and gender. This belief is based on the comment from his supervisor chiding Plaintiff for taking time off to attend to his wife who had a miscarriage, telling Plaintiff "Why did you need to take time off? You are not the one who had a miscarriage."

113.    Defendants have discriminated against the Plaintiff in violation of the California Equal Pay Act, as amended by the California Fair Pay Act, <u>Cal. Lab. Code § 1197.5, *et seq.*</u> Defendants have paid Plaintiff less than similarly-situated female employees performing substantially similar work, when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions.

114.    Defendants have subjected the Plaintiff to common discriminatory pay policies, including, but not limited to a discriminatory system of determining compensation; a discriminatory system for promotions, which results in employees performing the same tasks receiving different compensation; and other forms of discrimination affecting pay.

115.    The differential in pay between employees of different ethnicities was not due to seniority, merit, the quantity or quality of production, or a bona fide factor other than sex, such as education, training, or experience, but was due to gender. In the alternative, to the extent that Defendants relied upon one or more of these factors, said factor(s) were not reasonably applied and did/do not account for the entire wage differential. Further, the differential in pay between male and female employees was not due to seniority, merit, the quantity or quality of production, or a bona fide factor other than sex, such as education, training, or experience, but was due to gender. In the alternative, to the extent that Defendants relied upon one or more of these factors, said factor(s) were not reasonably applied and did/do not account for the entire wage differential.

116.    Plaintiff is informed and believes and alleges that Defendants caused, attempted to cause, contributed to, or caused the continuation of, wage rate discrimination based on sex and/or gender.

117.    Moreover, the foregoing conduct constitutes a willful violation of the California Equal Pay Act, <u>Cal. Lab. Code § 1197.5,</u> (amended 2015), and California Equal Pay Act, as amended by the California Fair Pay Act, <u>Cal. Lab. Code § 1197.5, *et seq.*</u> Therefore, a three-year statute of limitations applies to such violations, pursuant to California Fair Pay Act, <u>Cal. Lab. Code § 1197.5(h)</u> (West 2015) (amended 2015), and California Fair Pay Act, as amended by the California Fair Pay Act, <u>Cal. Lab. Code § 1197.5(h).</u>

118.    As a result of Defendants' willful conduct, Plaintiff has suffered and will continue to suffer harm, including but not limited to lost earnings, benefits, and housing; and emotional distress. Plaintiff has also incurred and continues to incur expenses.

119.    As a proximate cause of these aforementioned violations, Plaintiff has been damaged in an amount according to proof at the time of trial, but in an amount in excess of the jurisdiction of this Court. Plaintiff is entitled to recover the unpaid balance of wages owed, plus interest on that amount, an equal amount as liquidated damages, all penalties, reasonable attorneys' fees, and costs of suit pursuant to California Labor Code §§ 1197.5(g) and (h), as well as any other legal and equitable relief the Court deems just and proper, including injunctive relief that effectuates a restructuring of Defendants' compensation and promotion policies, practices, and procedures and a permanent injunction against such continuing discriminatory pay practices and policies in violation of the California Fair Pay Act.

120.    The damage allegations of Paragraphs 35 through 38, inclusive, are herein incorporated by reference.

121.    Further, because the wrongful acts against Plaintiff were carried out. authorized or ratified by Defendants' directors, officers and/or managing agents, acting with malice, oppression or fraud, or were deliberate, willful and in conscious disregard of the probability of causing injury to Plaintiff, as reflected by the actions as described earlier in this Complaint, she seeks punitive damages against Defendants. in order to deter them from such and similar conduct in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof as follows:

1.    For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2.    For all wages due pursuant to California Labor Code §1197.5(h) in an amount to be ascertained at trial;

3.    For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter.

**WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

4.    For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' discriminatory practices;

5.    For the unpaid balance of wages owed, plus interest on that amount, an equal amount as liquidated damages, all penalties, reasonable attorneys' fees, and costs of suit pursuant to California Labor Code §§ 1197.5(g) and (h), as well as any other legal and equitable relief the Court deems just and proper, including injunctive relief that effectuates a restructuring of Defendants' compensation and promotion policies, practices, and procedures and a permanent injunction against such continuing discriminatory pay practices and policies in violation of the California Fair Pay Act

6.    For injunctive relief barring Defendants' discriminatory employment policies and practices in the future, and restoring Plaintiff to Plaintiff's former position with Defendants;

7.    For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

8.    For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, Labor Code and/or any other basis;

9.    For post-judgment interest; and

10.    For any other relief that is just and proper.


DATED:  July 17, 2024                                    **GUERRA & CASILLAS LLP**


By:    _____
        Ruben Guerra, Esq.
        Tizoc Perez-Casillas, Esq.
        Attorneys for Plaintiff,
        LUIS ERICK ESCAMILLA MENJIVAR

COMPLAINT FOR DAMAGES

1
2
3
4
5
## JURY TRIAL DEMANDED
6
Plaintiff demands trial of all issues by jury.
7
8
9    DATED:  July 17, 2024                    **GUERRA & CASILLAS LLP**
10
11
                                             By: _____
12                                               Ruben Guerra, Esq.
                                                 Tizoc Perez-Casillas, Esq.
13                                               Attorneys for Plaintiff,
                                                 LUIS ERICK ESCAMILLA MENJIVAR
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28